

U.S. Department of Justice

Criminal Division

---

*Daniel S. Kahn*  
*(202) 616-3434  Direct Dial*  
*Daniel.Kahn@usdoj.gov*

*Fraud Section*  
*1400 New York Avenue, NW*  
*Washington, D.C. 20005*

February 4, 2014

**VIA ELECTRONIC MAIL**
Kevin G. Walsh, Esq.
Gibbons P.C.
One Gateway Center
Newark, NJ 07102

Cr. 14-65 (JEI)

**Re: Plea Agreement with Knut Hammarskjold**

Dear Mr. Walsh:

This letter sets forth the plea agreement between your client, Knut Hammarskjold ("Hammarskjold"), and the Department of Justice, Criminal Division, Fraud Section, and United States Attorney for the District of New Jersey ("this Office"). Your client may accept the terms of this plea agreement if this Office receives a fully executed original **no later than 5:00 p.m. on February 10, 2014**. Thereafter, the terms available to your client under this agreement are withdrawn and may not be relied on at any stage of your client's trial or at any sentencing proceeding.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Hammarskjold to a one-count information, which charges him with conspiracy to violate the Foreign Corrupt Practices Act and the wire fraud statute, in violation of 18 U.S.C. § 371. If Hammarskjold enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal proceedings against Hammarskjold for conduct arising out of the transactions described in the information, namely (1) the unlawful kick-back scheme from in or around 2008 to in or around 2009, and (2) the unlawful bribery scheme, from in or around 2010 to in or around 2011. However, in the event that a guilty plea in this matter

is not entered for any reason or the judgment of conviction entered as a result of this plea does not remain in full force and effect, Hammarskjold agrees that any charges that are not time-barred by the applicable statute of limitations on the date Hammarskjold signs this agreement may be commenced against him, notwithstanding the expiration of the limitations period.

Sentencing

The violation of 18 U.S.C. § 371 to which Hammarskjold agrees to plead guilty carries a statutory maximum prison sentence of five years, and a statutory maximum fine of $250,000 or twice the pecuniary gain or loss involved, whichever is greater. Fines imposed by the Court may be subject to the payment of interest.

The sentence to be imposed upon Hammarskjold is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the Court's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Hammarskjold ultimately will receive.

Further, in addition to imposing any other penalty on Hammarskjold, the sentencing judge: (1) will order Hammarskjold to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid on or before the date of sentencing; (2) must order Hammarskjold to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Hammarskjold, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) may order Hammarskjold to pay the costs of prosecution; (5) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (6) pursuant to 18 U.S.C. § 3583, may require Hammarskjold to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Hammarskjold be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, he may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release

supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Hammarskjold by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the U.S. Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the U.S. Probation Office of: (1) this agreement; and (2) the full nature and extent of Hammarskjold's activities and relevant conduct with respect to this case.

Stipulations

This Office and Hammarskjold agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Hammarskjold from any other portion of this agreement, including any stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

This Office and Hammarskjold waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Defendant Hammarskjold agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, Hammarskjold will consent to the entry of a forfeiture money judgment in the amount of $106,592 in United States currency (the "Forfeiture Money Judgment"). Hammarskjold acknowledges that the $106,592 is subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 15 U.S.C. § 78dd-2 or 18 U.S.C. § 1343, which constitutes specified unlawful activities within the meaning of 18 U.S.C. § 981(a)(1)(C), or a conspiracy to commit such offense.

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. On or before the date he enters his plea of guilty pursuant to this agreement, Hammarskjold shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

Defendant Hammarskjold agrees to consent to the entry of orders of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Hammarskjold understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Defendant Hammarskjold hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Defendant Hammarskjold understands that, if he is not a U.S. citizen, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Hammarskjold understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Hammarskjold wants and agrees to plead guilty to the charged offense(s) regardless of any immigration consequences of this plea, even if this plea will cause his removal from the U.S. Hammarskjold understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Hammarskjold waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the Department of Justice, Criminal Division, Fraud Section, and the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Hammarskjold. This agreement does not prohibit the United States, any agency thereof (including the IRS), or any third party from initiating or prosecuting any civil or administrative proceeding against Hammarskjold.

No Other Promises

This agreement constitutes the plea agreement between Hammarskjold and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

JEFFREY H. KNOX  
Chief, Fraud Section

PAUL J. FISHMAN  
United States Attorney

By: Daniel S. Kahn  
Trial Attorney

By: Aaron Mendelsohn  
Assistant U.S. Attorney

APPROVED:

Christopher Kelly  
Chief, Economic Crimes Unit

I have received this letter from my attorney, Kevin G. Walsh, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture, and restitution consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*Knut Hammarskjold* (signature)        Date: 2/10/2014
Knut Hammarskjold


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture, and restitution consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*Kevin G. Walsh* (signature)         Date: 2/10/2014
Kevin G. Walsh, Esq.

Plea Agreement With Defendant Hammarskjold

Schedule A

1. This Office and Hammarskjold recognize that the U.S. Sentencing Guidelines are not binding upon the Court. This Office and Hammarskjold nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Hammarskjold within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Hammarskjold further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2013 applies in this case.

Conspiracy to Violate the FCPA

3. The guideline that applies to the conspiracy to violate the Foreign Corrupt Practices Act, Title 15, United States Code, Section 78dd-2 ("FCPA"), the first object of the dual-object conspiracy charged under Title 18, United States Code, Section 371, contained in the Information, is U.S.S.G. § 2C1.1. This guideline carries a base offense level of 12.

4. Specific Offense Characteristic U.S.S.G. § 2C1.1(b)(1) applies in that the offense involved more than one bribe, resulting in an increase of 2 levels.

5. Specific Offense Characteristic U.S.S.G. § 2C1.1(b)(2) applies in that the benefit received in return for the payment exceeded $2.5 million, resulting in an increase of 18 levels pursuant to § 2B1.1(b)(1)(J).

6. Accordingly, the Guidelines offense level applicable to the conspiracy to violate the FCPA is 32.

Conspiracy to Violate the Wire Fraud Statute

7. The guideline that applies to the conspiracy to violate the wire fraud statute, Title 18, United States Code, Section 1343, the second object of the dual-object conspiracy charged under Title 18, United States Code, Section 371, contained in the Information, is U.S.S.G. § 2B1.1(a)(2). This guideline carries a base offense level of 6.

8. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(H) applies in that the benefit received from the scheme exceeded $400,000, resulting in an increase of 14 levels.

9. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(10)(B) applies in that a substantial part of the wire fraud conspiracy was committed from outside the United States, resulting in an increase of 2 levels.

10. Specific Offense Characteristic U.S.S.G. § 3B1.3 applies in that Hammarskjold abused a position of trust, resulting in an increase of 2 levels.

11. Accordingly, the Guidelines offense level applicable to the conspiracy to violate the wire fraud statute is 24.

Combined Offense Level

12. The parties agree that the objects of the dual-object conspiracy are not closely related within the meaning of U.S.S.G. §§ 3D1.1 and 3D1.2. Therefore, the conspiracies are not grouped together and, pursuant to § 3D1.4, the combined offense level is determined by taking the offense level applicable to the conspiracy to violate the FCPA, 32, and adding one and one-half units, thereby increasing the combined offense level by 1 level. This results in a Base Offense Level for the dual-object conspiracy of 33.

13. As of the date of this letter, Defendant Hammarskjold has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Hammarskjold's acceptance of responsibility continues through the date of sentencing.

14. As of the date of this letter, Defendant Hammarskjold has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Hammarskjold's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Hammarskjold enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Hammarskjold's acceptance of responsibility has continued through the date of sentencing and

Hammarskjold therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Hammarskjold's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

15. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Defendant Hammarskjold is 30, resulting in a range that exceeds the statutorily authorized maximum sentence. Therefore, the parties agree that, pursuant to § 5G1.1(a), the applicable guideline sentence is 5 years (the "agreed total Guidelines range").

16. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein. The parties further agree that the agreed total Guidelines range is reasonable.

17. Defendant Hammarskjold knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the statutorily authorized maximum sentence. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

18. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ, or motion not barred by that paragraph.